64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roslyn I. FISHER, Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION; Integrated
Systems Solutions Corporation, Defendants-Appellees.
 Nos. 94-6619, 94-6623.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1995.
 
 Before: JONES, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Roslyn I. Fisher, a Kentucky citizen, moves to expedite her appeal from the summary judgment for defendants in this action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 1981, and Ky.Rev.Stat. Sec. 344. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Fisher filed a complaint against her employer, for whom she had worked since 1973, alleging that she had received poor performance reviews and been passed over for promotions due to her race, sex, and age, and in retaliation for her testimony in favor of a co-worker in a discrimination action. Following her discharge in 1994, she filed another complaint alleging that her firing was based on the same unlawful grounds. The two complaints were consolidated in the district court. The district court ultimately granted summary judgment to the defendants, and Fisher filed two notices of appeal, which have been consolidated for review on appeal.
 
 
 3
 Upon review, we conclude that the summary judgment for defendants must be affirmed, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The district court properly found that Fisher had failed to identify any employees not members of a protected group who were similarly situated in terms of their performance and yet received more favorable treatment. See Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir.1992). Her allegation of retaliation failed because she began receiving notice of performance deficiencies before she testified on behalf of her co-worker. See Cooper v. City of North Olmsted, 795 F.2d 1265, 1272 (6th Cir.1986). Her claims of denial of promotion were not supported by identification of any promotional opportunities for which she was qualified. In short, her conclusory allegations were insufficient to withstand a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir.1990). Moreover, the record also supports the district court's finding that even if a prima facie case had been established, Fisher failed to show that the legitimate reasons articulated by the defendants for their actions were a pretext for discrimination. See Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 804 (6th Cir.1994).
 
 
 4
 The arguments raised by Fisher in her appellate brief lack merit. Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. All pending motions are denied.